COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


LESTER RAY TERRY

MEMORANDUM OPINION*

v.   Record No. 3091-99-3          PER CURIAM
                                   JUNE 6, 2000

ROANOKE CITY DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Robert P. Doherty, Jr., Judge

(Joseph F. Vannoy, on brief), for appellant.
Appellant submitting on brief.

(William M. Hackworth, City Attorney;
Allen T. Wilson, Assistant City Attorney, on
brief), for appellee.  Appellee submitting on
brief.


Lester Ray Terry (Terry) appeals the decision of the circuit court terminating his parental rights to five of his biological children.[1]  The circuit court found that the Roanoke City Department of Social Services (DSS) proved by clear and convincing evidence that Terry, without good cause, had been unwilling or unable within a reasonable period of time to remedy substantially the conditions which led to the children's placement in foster care, despite the reasonable and appropriate efforts made by DSS

_____

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

[1] The termination petitions were for Anthony Jermaine Pond, Marcus Ray Pond, Kimberly Marie Pond, Montel Jerome Pond, and Janice Leslie Pond.

to reunite the children with Terry.  On appeal, Terry contends that the trial court erred in finding that DSS presented clear and convincing evidence sufficient to satisfy the requirements of Code § 16.1-283.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we affirm the decision of the trial court.

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).  "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family."  Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted).  "'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'"  Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted).  The trial judge's findings, "'when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'"  Id. (citation omitted).

-

The evidence proved that at the time the four older children were placed in foster care in January 1998, Terry was in jail. The youngest child was placed in foster care at her birth in July 1998 when the mother tested positive for cocaine. In June 1998, DSS provided a foster care plan to Terry, indicating what steps he needed to accomplish before the children could be safely placed in his care. Those steps included obtaining and maintaining steady employment and housing, avoiding drugs and alcohol, scheduling a substance abuse assessment and following any recommendations arising therefrom, completing a parenting class, and visiting regularly with his children. By the review in October 1998, Terry had obtained employment, but had taken no other steps required under the foster care plan. DSS conducted another review in January 1999, and found that Terry had maintained employment but had not performed any of the other actions required under the foster care plan. Terry was incarcerated three different times between January 1998 and November 1999.

The trial court found that DSS presented clear and convincing evidence sufficient to satisfy the requirements of Code § 16.1-283(C). That section provides, in pertinent part, that the court may terminate the residual parental rights of a parent of a child placed in foster care if the court finds by clear and convincing evidence that it is in the best interests of the child and that:

-

> 2. The parent . . ., without good cause,
> [has] been unwilling or unable within a
> reasonable period of time not to exceed
> twelve months from the date the child was
> placed in foster care to remedy
> substantially the conditions which led to or
> required continuation of the child's foster
> care placement, notwithstanding the
> reasonable and appropriate efforts of
> social, medical, mental health or other
> rehabilitative agencies to such end. Proof
> that the parent . . ., without good cause,
> [has] failed or been unable to make
> substantial progress towards elimination of
> the conditions which led to or required
> continuation of the child's foster care
> placement in accordance with their
> obligations under and within the time limits
> or goals set forth in a foster care plan
> filed with the court or any other plan
> jointly designed and agreed to by the parent
> or parents and a public or private social,
> medical, mental health or other
> rehabilitative agency shall constitute prima
> facie evidence of this condition.

Code § 16.1-283(C).

Terry was incarcerated at the time the children were initially placed in foster care from their mother's custody. DSS communicated to Terry the steps he was required to take in order for his children to be returned to his care. Terry obtained and maintained employment for approximately six months before he returned to jail. He also visited every other week with his children, missing only five visits over a period of approximately fourteen months. However, Terry did not complete any of the other obligations under the foster care plan. At the time of the hearing, Terry did not have stable housing or employment, although he testified that he had a meeting

scheduled with his former employer and anticipated being rehired. He never completed substance abuse screening or parenting classes. He testified that he did not think he had to do anything but get a job, although he admitted that he signed the foster care plans setting out the requirements.

Evidence also established that the children were special needs children. The eldest had a physical handicap of his arm and required physical and occupational therapy several times a week. All four older children had severe speech deficits and displayed some form of developmental delays. The youngest child, who was taken into foster care at birth, did not show signs of significant developmental delays.

Terry indicated at trial that he would refrain from criminal activity in the future and that he would complete the required steps set out in the foster care plan. However, "'past actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (quoting Frye v. Spotte, 4 Va. App. 530, 536, 359 S.E.2d 315, 319 (1987)). Although DSS informed Terry of his obligations under the foster care plan, Terry failed to complete the majority of his obligations, despite DSS's offers to assist him and despite the passage of over a year. Under the circumstances of this case, the trial court was not required to

-

allow Terry additional time within which to commence his obligations.

It is irrelevant to the trial court's determination under Code § 16.1-283(C)(2) that there was no evidence that Terry abused the children prior to their placement in foster care. The statute focuses on remedying the underlying conditions and required evidence that Terry made progress towards correcting the conditions that led to the children's foster care placement.

The record contains sufficient evidence to support the finding of the trial court that DSS presented <u>prima</u> <u>facie</u> evidence meeting the requirements of Code § 16.1-283(C)(2). DSS proved by clear and convincing evidence that termination of Terry's parental rights was in the best interests of the children and that Terry failed, without good cause, to make substantial progress towards the elimination of the conditions which led to the children's foster care placement in accordance with his obligations under and within the time limits set out in the foster care plan.

Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>